UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

J.G., on behalf of her minor son, S.O.,

                          Plaintiff,

      -against-

THE CITY OF NEW YORK, a municipal entity; and NYPD Police Officers JOHN DOES 1-6, in their individual capacities,

                         Defendants.

------------------------------------------------------------- X

Case No. 24 Civ. 4978

**COMPLAINT**

Jury Trial Demanded

Plaintiff J.G., on behalf of her minor son, S.O., by and through her attorneys, Hamilton Clarke, LLP, alleges as follows:

**PRELIMINARY STATEMENT**

1. On April 4, 2023, fourteen-year-old S.O. and his classmates were walking to after-school basketball practice in Harlem when they were stopped and accosted by NYPD officers for no reason at all.

2. Without any explanation or forewarning, officers grabbed S.O. by the neck and slammed him face-first into the ground. Ignoring S.O.'s pleas to stop beating him, the officers forced S.O.'s hands behind his back and into handcuffs.

3. After arresting S.O. without probable cause, the officers transported S.O. to Police Service Area 5 ("PSA5") in the back of a police cruiser. In the vehicle, officers pinned S.O. down by the neck and legs although he was handcuffed at the time.

4. Although S.O. was a minor and state law required the officers immediately notify his guardian of his arrest and before questioning him, the officers did neither: S.O.'s mother and

natural guardian, J.G., was not notified of S.O.'s arrest for hours, and by the time J.G. arrived at PSA5 S.O. had already been questioned without her—and without first being informed of his rights.

5. After spending hours in custody, S.O. was released to his mother's care shortly before midnight.

6. S.O. was not charged with any offense.

7. The officers refused to explain why S.O. had been arrested or stopped in the first instance, and the officers did not leave S.O. or J.G. with any record of the interaction.

8. Instead, they left S.O. with cuts on his face and eyelid and bruises down his body. Instead, the left S.O. with nightmares, a heart that pounds every time he hears a siren, and a hundred-channel panic that kicks in when he thinks about the *next* time he will be stopped by the police for no reason.

9. Hundreds of black children in New York City experience this kind of unnecessary, traumatizing, and dehumanizing harassment by police every day. J.G. brings this lawsuit to demand accountability for her fourteen-year-old son and the countless others like him who have suffered similar mistreatment.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of S.O.'s constitutional and civil rights.

11. Venue is properly laid in the Southern District of New York, because the acts and omissions described herein occurred in the jurisdiction of the Southern District of New York.

## JURY DEMAND

12. Plaintiff demands a trial by jury in this action on each and every claim for which a jury trial is legally available.

## PARTIES

13. Plaintiff J.G. and S.O. are, and were at all relevant times, residents of Bronx County in the State of New York.

14. Defendant the City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. The City is authorized by law to maintain a police department and does maintain the New York City Police Department ("NYPD"). The NYPD acts as the City's agent and the City assumes the risks incidental to the maintenance of a police department and the employment of police officers.

15. Defendants JOHN DOE 1-6 (collectively, the "Officer Defendants") were, at all times relevant to this action, employed by the City and acted under color of law in the course and scope of their duties and authority as officers, agents, servants, and employees of the NYPD and the City. They are sued in their individual capacities.

16. JOHN DOE 1 is a male officer of Caucasian descent with grey hair. JOHN DOE 2 is a male officer of Caucasian descent with black/dark brown hair. JOHN DOES 3-5 are male officers of Caucasian and/or Hispanic descent. JOHN DOE 6 is a male detective of Caucasian descent with black/dark brown hair. Upon information and belief, each of JOHN DOES 1-6 were assigned to or otherwise affiliated with Police Service Area 5 ("PSA5"), which is located at 221 East 123rd Street, New York, New York 10035, at all relevant times.

17. At all relevant times, the Officer Defendants violated S.O.'s clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution, of which

reasonable law enforcement officers in their respective circumstances would have known were violations of S.O.' rights.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

18.     On June 29, 2023, Plaintiff served a Notice of Claim upon Defendant City by electronic means, as prescribed by the Office of the New York City Comptroller, within 90 days of the accrual of her claims.

19.     Defendant City acknowledged receipt of Plaintiff's Notice of Claim and assigned it Claim No. 202300121619.

20.     On January 30, 2024, Defendant City conducted examinations of Plaintiff and S.O. pursuant to New York General Municipal Law § 50-h.

21.     More than thirty days have elapsed since service of Plaintiff's Notice of Claim and adjustment or payment of Plaintiff's claim has been neglected.

22.     This action is filed within one year and 90 days of the events giving rise to Plaintiff's claims.

## FACTS

23.     On April 4, 2023, around 6:00 p.m., fourteen-year-old S.O. and five of his classmates were walking to after-school basketball practice.

24.     S.O. is Black.

25.     While the group walked on 111th Street, an NYPD officer, John Doe 1, approached the group. John Doe 1 was quickly followed by four more officers, John Does 2-5.

26.     Without any explanation or forewarning, John Doe 1, John Doe 2, and one or more of John Does 3-5 grabbed S.O. and slammed S.O. face-first into the ground, causing injuries to S.O.'s face, eyelid, torso, and back.

27. John Doe 2 proceeded to tightly squeeze S.O. around the neck, causing injuries to S.O.'s neck.

28. One or more of John Does 1-5 proceeded to grind S.O.'s body and face into the pavement, causing injuries to S.O.'s face, back, torso.

29. One or more of John Does 1-5 then handcuffed S.O.'s hands behind his back and dragged him along the ground to a police cruiser, causing injuries to S.O.'s back.

30. One or more of John Does 1-5 then threw S.O. into the back of the police cruiser.

31. At no point did John Does 1-5 explain to S.O. why he was being detained.

32. In the police cruiser, John Doe 2 continued to squeeze S.O.'s neck while one or more of John Does 1 and 3-5 roughly grabbed S.O.'s waist and legs.

33. Two or more of John Does 1-5 then transported S.O. to PSA5 in the back of the police cruiser.

34. Although John Does 1-5 had placed S.O. in custody, none of John Does 1-5 immediately notified S.O.'s parent, J.G., that S.O. had been taken into custody.

35. Pursuant to Section 305.2(3) of the Family Court Act, "[i]f an officer takes such child into custody . . . he shall immediately notify the parent or other person legally responsible for the child's care, or if such legally responsible person is unavailable the person with whom the child resides, that the child has been taken into custody."

36. On arrival at PSA5, one or more of John Does 1-5 placed S.O. in an adult cell. S.O. remained detained in handcuffs at this time.

37. Sometime later, a detective, John Doe 6, came to the adult cell and interrogated S.O. for a prolonged period of time.

38. John Doe 6 did not Mirandize S.O. or otherwise advise S.O. of his rights before

interrogating S.O, nor did John Doe 6 immediately notify S.O.'s parent that S.O. had been taken into custody before questioning S.O.

39. Pursuant to Section 305.2(7) of the Family Court Act, a minor child " shall not be questioned . . . unless he and a person required to be notified … if present, have been advised: (a) of the child's right to remain silent; (b) that the statements made by the child may be used in a court of law; (c) of the child's right to have an attorney present at such questioning; and (d) of the child's right to have an attorney provided for him without charge if he is indigent."

40. Sometime after John Doe 6 interrogated S.O., S.O. was moved to a juvenile cell.

41. Sometime later, an NYPD officer called J.G. and informed her that S.O. had been arrested. The officer did not explain why S.O. had been arrested or what if anything S.O. was being charged with.

42. Later that night, J.G. arrived at PSA5 where she informed an NYPD officer that she was S.O.'s mother.

43. An officer then brought S.O. out to meet J.G. S.O. was crying when he was brought out to meet his mother, and J.G. observed that S.O.'s eyelid was bleeding and that there was bruising and swelling behind his ear.

44. S.O. was then released to his mother. He had been detained and terrified for over five hours.

45. S.O. was not charged with any crime.

46. At no point did any NYPD officer ever explain to S.O. or J.G. why S.O. had been arrested or stopped in the first instance.

47. The NYPD did not leave S.O. or J.G. with any record of S.O.'s arrest or interaction with officers.

48. S.O. suffered physical injuries as a result of Defendants' conduct, including without limitation to his head, face, eyelid, neck, and back. These injuries caused S.O. substantial pain and suffering, including severe headaches, and necessitated multiple doctor's visits over the preceding months.

49. S.O. also suffered, among other things, the loss of his liberty, invasion of his personal safety and integrity, and the violation of his constitutional rights as a result of Defendants' conduct.

50. These injuries caused S.O. to experience, and continue to experience, pain and suffering, distress, humiliation, fear, and embarrassment. In the days, weeks, and months following the incident, fourteen-year-old S.O. incessantly turned his arrest over and over in his mind. He still has recurrent nightmares, and he remains anxious and frightened when he imagines what might happen the *next* time he is stopped for no reason.

***

**FIRST CAUSE OF ACTION**
**Excessive Force Pursuant to 42 U.S.C. § 1983**
**Against the Officer Defendants**

51. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

52. The Officer Defendants willfully and intentionally subjected S.O. to physical force in excess of what was reasonable under the circumstances and caused S.O. to suffer physical injuries and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary and therefore the Officer Defendants have violated 42 U.S.C. § 1983.

53. As a direct and proximate result of the foregoing conduct, S.O. suffered physical

and emotional injuries, mental anguish, economic loss, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

54. The foregoing conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against the Officer Defendants.

55. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the Officer Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**SECOND CAUSE OF ACTION**
**False Arrest Pursuant to 42 U.S.C. § 1983**
**Against the Officer Defendants**

56. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

57. The Officer Defendants seized, detained, and arrested S.O. without probable cause, and without a reasonable basis to believe such cause existed. These actions violated S.O.'s rights under the Fourth Amendment of the United States Constitution.

58. As a direct and proximate result of the foregoing actions, S.O. suffered physical and emotional injuries, mental anguish, economic loss, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

59. The foregoing conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against the Officer Defendants.

60. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the Officer Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and

disbursements of this action.

### THIRD CAUSE OF ACTION
### Deprivation of Rights Under N.Y.C. Admin. Code § 8-801 *et seq.*
### Against All Defendants

61. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

62. S.O. and the Officer Defendants are a "person aggrieved" and "covered individuals" within the meaning of N.Y.C. Admin. Code § 8-801, respectively, and Defendant City is the "employer "of the Officer Defendants within the meaning of N.Y.C. Admin. Code § 8-803(b).

63. The Officer Defendants willfully and intentionally subjected S.O. to physical force in excess of what was reasonable under the circumstances and seized, detained, and arrested S.O. without probable cause, and without a reasonable basis to believe such cause existed.

64. As a direct and proximate result of the foregoing actions, S.O. suffered physical and emotional injuries, mental anguish, economic loss, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

65. The foregoing conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against the Officer Defendants.

66. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the Officer Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## FOURTH CAUSE OF ACTION
### Assault and Battery
### Against All Defendants

67. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

68. The Officer Defendants, acting within the scope and course of their duties as NYPD officers, caused a harmful or offensive contact with S.O., and did touch and strike S.O. without legal justification, causing S.O. injury and an imminent apprehension of such a contact.

69. As a direct and proximate result of the foregoing conduct, S.O. suffered physical and emotional injuries, mental anguish, economic loss, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

70. The foregoing conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against the Officer Defendants.

71. Defendant City is liable for the Officer Defendants' conduct under the doctrine of *respondeat superior*.

72. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the Officer Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## FIFTH CAUSE OF ACTION
### False Imprisonment
### Against All Defendants

73. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

74. The Officer Defendants, acting within the scope and course of their duties as

NYPD officers, intentionally restrained S.O.'s personal liberties by arresting him without reasonable or probable cause to believe a crime has been committed or that S.O. had committed that crime.

75. As a direct and proximate result of the foregoing conduct, S.O. suffered physical and emotional injuries, physical injuries, mental anguish, economic loss, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

76. The foregoing conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against the Officer Defendants.

77. Defendant City is liable for the Officer Defendants' conduct under the doctrine of *respondeat superior*.

78. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the Officer Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**SIXTH CAUSE OF ACTION**
**Unlawful Interrogation and Failure to Notify**
**Against All Defendants**

79. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

80. S.O. was under sixteen years of age when he was arrested.

81. Accordingly, Defendants were obligated to follow the provisions of New York Family Court Act § 305.2.

82. The Officer Defendants violated Family Court Act § 305.2 by, among other things, failing to properly notify S.O.'s parents that he had been taken into custody, by taking

11

him and holding him at PSA5 without access to his parents, and by questioning him without a parent present, without properly notifying his parents first, and by failing to Mirandize or advise S.O. of his rights.

83. As a direct and proximate result of the foregoing conduct, S.O. suffered physical and emotional injuries, physical injuries, mental anguish, economic loss, incarceration and the deprivation of liberty, and the loss of his rights.

84. Defendant City is liable for the Officer Defendants' conduct under the doctrine of *respondeat superior*.

85. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the Officer Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

***

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

**(A)** full and fair compensatory damages in an amount to be determined by a jury;

**(B)** punitive damages against the individual Defendants in an amount to be determined by a jury;

**(C)** reasonable attorney's fees and the costs and disbursements of this action;

**(D)** interest; and

**(E)** such other and further relief as appears just and proper.

Dated: July 1, 2024
New York, New York

By: _____
Adam Strychaluk
Joshua S. Moskovitz
Hamilton Clarke, LLP
48 Wall Street, Suite 1100
New York, New York 10005
(212) 729-0952

*Attorneys for Plaintiff*