**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X

J.G., on behalf of her minor son, S.O.,

                               Plaintiff,

             -against-

THE CITY OF NEW YORK, a municipal entity; and
NYPD Police Officers JOHN DOES 1-6, in their
individual capacities,

                            Defendants.

-------------------------------------------------------------------- X

**AFFIRMATION OF J.G. IN SUPPORT OF PLAINTIFF'S APPLICATION FOR A COMPROMISE ORDER**

No. 24-CV-04978 (JAV)

JOSEPHINE GYAMFUA hereby affirms pursuant to 28 U.S.C. § 1746 and N.Y. C.P.L.R. Rule 2106 that the following is true and correct under penalty of perjury:

1.       I am the mother and natural guardian of S.O., who is a minor and, at the time this lawsuit was filed, was 14 years old. My son and I understand that the City of New York has agreed to settle the claims asserted in this case for eighty-five thousand dollars ($85,000). My son and I have also agreed to this proposed settlement, and I submit this affirmation to request that the Court approve this settlement.

2.       My son and I attended a virtual mediation on January 8, 2025 with Michael Venditto during which we discussed our settlement positions. Before the mediation, we had met with our attorney, Joshua S. Moskovitz, and discussed the case and our settlement positions. At the end of the mediation, Mr. Venditto made a settlement recommendation of $85,000. After discussing it with Mr. Moskovitz, my son and I agreed that this was a fair settlement amount, and we directed Mr. Moskovitz to accept it on our behalf. I understand that because my son is a minor, the Court must approve the proposed settlement.

3.      I brought this action on behalf of my son to seek compensation for the injuries he suffered from NYPD officers on April 4, 2023. I got him from the precinct that evening and took photos of the injuries to his face and neck. The day after, I took him for medical treatment and have taken him for further treatment after that.

4.      We retained Mr. Moskovitz to pursue claims for S.O. and the terms of our retainer agreement provide that Mr. Moskovitz's firm will be paid, on a contingency basis, a legal fee of one-third (33.333%) of the net amount of any monies recovered through this lawsuit. Our retainer agreement also provides that Mr. Moskovitz's firm may incur reasonable litigation expenses, and will be reimbursed for those expenses in the event of a settlement or judgment.

5.      It is my understanding that Mr. Moskovitz's firm incurred $439.78 in litigation expenses (for the filing fee and medical records). I believe those expenses are reasonable.

6.      I understand that after reimbursement for litigation expenses, the net settlement proceeds would be $84,560.22; and one-third of that, for legal fees, would be $28,186.74. The total legal fees and litigation expenses that would be paid to Mr. Moskovitz's firm would be $28,626.52. This is consistent with our retainer agreement, and I believe is fair and reasonable.

7.      The amount remaining for S.O. after subtracting legal fees and litigation expenses would be $56,373.48. I believe that this is a fair and reasonable result.

8.      I have discussed with Mr. Moskovitz how S.O.'s net settlement proceeds should be distributed. He has explained to me that establishing a guardianship of S.O.'s property would involve additional expenses and would take additional time. We discussed the alternative of depositing the net settlement proceeds in an F.D.I.C.-insured bank account in S.O.'s name, which S.O. could access after he turns eighteen years old. I discussed this with S.O. and this is what he wants me to do.

9.      No previous motion has been made for the compromise and settlement of the cause of action herein and the claim of the plaintiff. No reimbursement for medical or other expenses has been received from any source. Neither S.O., nor myself, nor any member of S.O.'s family has made a claim for damages alleged to have been suffered as a result of the same occurrence giving rise to S.O.'s claim.

**WHEREFORE**, I respectfully request that this Court authorize me to settle S.O.'s claims in this matter as described above.

I affirm under penalty of perjury under the laws of the United States of America and the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Executed on ___23/01/25___.

Josephine Gyamfua (Jan 23, 2025 13:41 EST)

Josephine Gyamfua