UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
J.G., on behalf of her minor son, S.O.,

                    Plaintiff,           24-CV-4978 (JAV)

     -v-           <u>MEMORANDUM OPINION AND ORDER</u>

CITY OF NEW YORK, a municipal entity, et al.,

                    Defendants.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      On July 1, 2024, Plaintiff J.G., on behalf of S.O., her minor child, brought this action against the City of New York, a municipal entity ("Defendant" or "City"). ECF No. 1 ("Compl."). The parties attended mediation and reached a settlement agreement on January 15, 2025. ECF No. 17. On January 23, 2025, Plaintiff filed a motion for settlement approval pursuant to S.D.N.Y. Local Civil Rule 83.2 and N.Y. C.P.L.R. § 1208. *Id.* This Court issued an Order authorizing the settlement agreement, ECF No. 22, and an Infant Compromise Order, ECF No. 24. The Court retained jurisdiction over this matter for the purpose of enforcing settlement. *Id.* at 2.

      On June 5, 2025, Plaintiff filed a motion seeking to enforce the settlement agreement and require Defendant to pay interest due to late payment of the settlement amount. ECF No. 30 ("Ltr. Mot."). Plaintiff argues that the settlement payment was issued on June 4, 2025, while Defendant contends that it was issued on June 3, 2025. *Compare* ECF No. 31 ("Opp'n. Ltr.") *with* ECF No. 32 ("Reply

Ltr."). The parties, however, agree that the settlement payment was received by Plaintiff after the motion was filed. *See* Reply Ltr. Accordingly, that portion of Plaintiff's motion was rendered moot. Plaintiff still seeks, however, accrued interest resulting from the allegedly late payment. Ltr. Mot. at 1. For the reasons set forth below, Plaintiff's request for interest is GRANTED.

## LEGAL STANDARD

New York State Civil Practice Rule § 5003-a(b) provides: "[w]hen an action to recover damages has been settled and the settling defendant is a municipality or any subdivision thereof, or any public corporation that is not indemnified by the state, it shall pay all sums due to any settling plaintiff within ninety days of tender . . . of duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff." Section 5003-a(e) further provides a remedy for plaintiffs when defendants fail to tender payment within the ninety day window: "[i]n the event that a settling defendant fails to promptly pay all sums as required by subdivisions (a), (b), and (c) of this section, any unpaid plaintiff may enter judgment, without further notice, against such settling defendant who has not paid. The judgment shall be for the amount set forth in the release, together with costs and lawful disbursements, and interest on the amount set forth in the release from the date that the release and stipulation discontinuing action were tendered."

## DISCUSSION

The crux of the instant dispute is when the final settlement paperwork, with all corresponding documents, were tendered to the City, thereby triggering

Defendant's obligation to make the settlement payment. According to Plaintiff, the final and revised settlement paperwork was tendered to the City on March 3, 2025. Ltr. Mot. at 1. If this is the controlling date, payment should have been made to Plaintiff by June 1, 2025. Plaintiff provided the Court with a photo of the envelope the check was sent in, which was postmarked on June 4, 2025. Reply Ltr., Ex. 1.

The Settlement Agreement requires that "Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens." ECF No. 26 ("Settlement Agreement"), ¶ 3.

On February 10, 2025, Plaintiff submitted to the City executed copies of the Stipulation of Settlement, a Stipulation and Order of Dismissal, a release, W-9s (for Plaintiff J.G. and Plaintiff's firm), and an Affidavit of Status of Liens. Ltr. Mot. at 1. Plaintiff provided an amended version of the release language to the City on March 3, 2025. *Id.* at 1 n.1.

On March 18, 2025, the City sent a new version of the release and affidavit of liens because, according to the City, the prior documents (which had been prepared by the City) "have defective language, in particular with the signature/notarization." *Id.* at 1. The City's counsel also said the City had not received a W-9 for "plaintiff," meaning the minor child S.O. *Id.* Plaintiff's counsel disputed that a W-9 for S.O. was necessary, but nonetheless submitted the

3

additional W-9 and the new release and affidavit to the City on March 27. *Id.* at 2. In doing so, Plaintiff's counsel informed the City that it still considered all required documentation to have been submitted on March 3. *Id.* at 2.

Defendant largely agrees with this recitation of events. The City's position, however, is that the March 27 date should control. Defendant argues that, until it received the W-9 form for S.O., it could not process the settlement payment. Opp'n. Ltr. at 2. If March 27 is the controlling date, Defendant would have had until June 25, 2025, to remit payment to Plaintiff.

The sole issue presented for the Court, then, is whether the Settlement Agreement required submission of a W-9 for S.O. It is well established that "[s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (citation omitted). "If a contract is clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." *Kephart v. Certain Underwriters at Lloyd's of London*, 427 F. Supp. 3d 508, 515 (S.D.N.Y. 2019) (quoting *Torres v. Walker*, 356 F.3d 238, 245 (2d Cir. 2004)). "In interpreting contracts, 'words should be given the meanings ordinarily ascribed to them and absurd results should be avoided.'" *Id.* (quoting *Mastrovincenzo v. City of New York*, 435 F.3d 78, 104 (2d Cir. 2006)).

The Court concludes that Plaintiff tendered all required documentation to Defendant on March 3, 2025, and as such, that date controls. Defendant's

interpretation of what documents were required per the settlement agreement and when Plaintiff tendered all documents and relevant releases does not comport with a reasonable interpretation of the Settlement Agreement.

The Settlement Agreement is ambiguous as to whether the term Plaintiff refers to J.G., S.O., or both. The term Plaintiff in the Settlement Agreement is singular. And there is only one plaintiff to this suit. Plaintiff J.G. brought this suit on behalf of her child, due to his infancy status. Yet at various points in the Settlement Agreement both J.G. and S.O. are referred to as "plaintiff." For example, in the preamble, the Settlement Agreement confusingly reads "plaintiff commenced this action by filing a complaint on or about July 2, 2024, alleging that the defendant violated plaintiff's federal civil and state common law rights." Settlement Agreement at 1. The plaintiff who brought the suit is J.G. The individual whose civil rights were allegedly violated was S.O. Another recital states "plaintiff S.O. is an infant who brings this lawsuit by his mother and natural guardian, J.G." *Id.*

Yet the critical portions of the Settlement Agreement properly refer to J.G. as the plaintiff. In paragraph 2 of the Settlement Agreement, the City agrees to pay "plaintiff J.G., as mother and natural guardian of S.O. the sum of Eighty-Five Thousand ($85,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees." *Id.*, ¶ 2. Paragraph 3, which is the language at issue here, required that "Plaintiff shall execute and serve on the City of New York's attorney [. . .] all documents necessary to effect this settlement, including,

5

without limitation, a General Release, *based on the terms of paragraph "2" above,* IRS Form W-9, and an Affidavit of Status of Liens." *Id.*, ¶ 3 (emphasis added). The City's attempt to read paragraph two and three in isolation is "inconsistent with well established principles of contract construction, which require that all provisions of a contract be read together as a harmonious whole." *Kinek v. Paramount Comms., Inc.*, 22 F.3d 503, 509 (2d Cir. 1994). Reading the two provisions together as Second Circuit precedent instructs this Court to do, the more natural reading of Paragraph 3 is that it is plaintiff J.G. who must provide the relevant documentation. S.O. could not execute a release on his own behalf. And the City had no need to request a W-9 from the minor S.O., as the minor's mother was the designated recipient of the settlement funds. As such, J.G. was the appropriate party to submit a W-9—which she did on March 3, 2025.

To the extent the City contends that certain documentation needed to be amended after March 13, that error cannot be ascribed to Plaintiff. The City drafted the original documents, which Plaintiff dutifully executed and returned. If the Court were to find the City's own paperwork errors a reasonable excuse for delay, that would frustrate the intent behind section 1208.

Consequently, the Court holds that the Settlement Agreement and corresponding documents were tendered to Defendants on March 3, 2025. As such, Plaintiff is entitled to interest from March 3, 2025, to June 4, 2025.

## CONCLUSION

Accordingly, Plaintiff's Motion is GRANTED. Section 1208 of the N.Y. C.P.L.R. contemplates that judgment will be entered with respect to the unpaid amounts. By **August 4, 2025**, the parties shall file a joint letter to inform the Court of their respective positions regarding next steps, including whether entry of judgment is appropriate, and the form of such judgment.

The Clerk of Court is directed to terminate ECF No. 30.

SO ORDERED.

Dated: July 25, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge